NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0521n.06
Filed: June 17, 2005

No. 04-3459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANNA FERRANTE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GEORGE M. PETERS; RICHARD | ) | NORTHERN DISTRICT OF OHIO |
| COLLIER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge.[*]

PER CURIAM. Anna Ferrante appeals the district court's order granting summary judgment

in favor of defendant police officers, George Peters and Richard Collier, on her claim alleging

violation of her Fourth Amendment rights brought pursuant to 42 U.S.C. § 1983. Because she fails

to demonstrate a Fourth Amendment seizure, we affirm the district court.

I

Anna Ferrante's husband, Michael Ferrante, is a co-owner of Perfect Pitch Construction

Company. As the Ferrantes were unloading supplies at one of Perfect Pitch's job sites, a red pickup

_____

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

truck with two occupants pulled alongside the Ferrantes' truck and then moved away. Soon the truck again pulled alongside the Ferrantes' truck and the occupants looked at Michael Ferrante, leading him to suspect the occupants wanted to steal either the supplies or his truck.

Around the same time, Cleveland police received a call indicating that a man was flashing a gun near the intersection where the Ferrantes had parked. The caller said that a man had come out of a house with a pistol and placed the pistol in a truck. The caller's description of the man—a white male in his late forties or early fifties, approximately five feet, nine inches tall—matched Michael Ferrante's appearance. The caller's description of the truck—a black Dodge Ram pick-up—matched the appearance of the Ferrantes' truck; a black Dodge Dakota.

Cleveland Police Detective George Peters and Officer Richard Collier responded to the dispatch call. Detective Peters wore plain clothes and drove an unmarked Ford Taurus; Officer Collier wore a police uniform and drove a marked police cruiser. When Peters and Collier arrived at the scene, they called dispatch to confirm the location and description of the truck. They then saw Michael Ferrante walk toward his truck.

Although neither Peters nor Collier saw Michael Ferrante holding a gun or doing anything illegal, they became suspicious because, when Michael Ferrante saw them, he moved quickly into his truck. Anna Ferrante had entered the truck before their arrival. Concluding the Ferrantes were planning to leave, Peters and Collier positioned their cars at the front and rear of the Ferrantes' truck. Neither Peters nor Collier sounded their sirens when moving into position. According to

Anna Ferrante, after the cars blocked the truck, a "crazed looking man" in "scruffy clothes"—Peters—jumped out of the Taurus, pointed a gun at the Ferrantes, and ordered them to get out of their truck. Anna Ferrante testified that Peters failed to identify himself as a police officer.

The Ferrantes did not comply with Peters's command that they exit the truck but, instead, started the truck. The Ferrantes claim that Peters and Collier then shot at them. Michael Ferrante then put the truck in reverse, bumped into Collier's police cruiser, then put the car in drive and drove around Peters's Taurus. Both Peters and Collier continued firing their guns but did not hit the Ferrantes. Other Cleveland police officers later apprehended the Ferrantes.

Anna Ferrante sued Peters and Collier in the Cuyahoga County Court of Common Pleas alleging excessive use of force and unreasonable seizure in violation of the Fourth Amendment, a "malicious and sadistic" use of excessive force in violation of the Fourteenth Amendment, and various state-law torts. The Defendants removed the case to the district court, which granted summary judgment for Defendants on all federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claims. The only issue on appeal is whether the district court erred by granting summary judgment in Defendants' favor on Anna Ferrante's Fourth Amendment claim.

II

Anna Ferrante claims the district court erred in assessing her excess force claims under the Fourteenth Amendment "shocks-the-conscience" test instead of the Fourth Amendment

"reasonableness" standard. "The Fourth Amendment protects against unreasonable *seizures*, not unreasonable or even outrageous conduct in general." *Cameron v. City of Pontiac, Michigan*, 813 F.2d 782, 784 (6th Cir. 1987*)* (quoting *Galas v. McKee*, 801 F.2d 200, 202 (6th Cir. 1986) (internal quotation marks omitted)). Thus, only by demonstrating that she was seized within the meaning of the Fourth Amendment can Anna Ferrante prove entitlement to Fourth Amendment protection triggering the reasonableness analysis. *See Galas*, 801 F.2d at 203 ("[T]he reasonableness of a seizure or method of seizure cannot be challenged under the Fourth Amendment unless there was a completed seizure (that is, a restraint on the individual's freedom to leave), accomplished by means of physical force or show of authority.").

According to Anna Ferrante, she and her husband were "seized" when officers surrounded their truck and began firing shots in their direction. We disagree.

Regarding the definition of a Fourth Amendment "seizure," the Supreme Court has instructed:

> [A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even where there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied.

*Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis omitted). Both we and the Supreme Court have acknowledged that "'there can be no question that apprehension by the use of

deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment.'" *Cameron*, 813 F.2d at 785 (quoting *Tennessee v. Garner*, 471 U.S. 1 (1985)).  But, in *Cameron*, we clarified that "[t]he use of deadly force standing alone does not constitute a seizure, and absent an actual physical restraint or physical seizure, the alleged unreasonableness of the officers' conduct cannot serve as a basis for a § 1983 cause of action anchored in the Fourth Amendment." *Id*. at 785. Expanding on our prior decision in *Galas, Cameron* concluded that the plaintiff's decedent had not suffered a seizure where the officers had shot at but failed to hit him as he fled.  The Court reasoned: "Cameron elected to not be restrained.  The officers' show of authority by firing their weapons, while designed to apprehend Cameron, did not stop or in any way restrain him." *Cameron*, 813 F.2d at 785.

In *Adams v. City of Auburn Hills*, the plaintiff, like Anna Ferrante, alleged that officers seized him when they fired their weapon at his car in an attempt to prevent him from fleeing.  336 F.3d 515 (6th Cir. 2003).  After discussing *Cameron* and cases from other circuits "address[ing] whether shooting at a car – but not hitting or stopping the individuals inside of it – is a violation of the Fourth Amendment," we found no seizure.  We noted that the plaintiff there  "was not hit by [the officer's] bullets and was able to leave the scene unharmed despite [the officer's] use of his firearm." *Id*. at 519.  Similarly, though the shots hit plaintiff's car, "the car still was operable." *Id.*

Anna Ferrante cannot materially distinguish *Adams* from this case.  Here, the officers shot at and hit the Ferrantes' car, but did not successfully restrain the Ferrantes' movement.  The

Ferrantes fled the scene in their automobile unrestricted by the officers' show of authority. Accordingly, Anna Ferrante shows no seizure implicating the Fourth Amendment.

The Sixth Circuit case Anna Ferrante presses as ostensible support for her claim is inapposite. In *Fisher v. City of Memphis*, the court found that by shooting at *and hitting* the driver of a moving car, officers seized the passenger of the car. 234 F.3d 312 (6th Cir. 2000). In *Fisher*, the officers' show of authority—firing at the vehicle—effectuated the officers' intent to stop the car and everyone in it. Here, by contrast, the officers did not succeed in stopping the Ferrantes.

As for the Fourteenth Amendment "shocks-the-conscience" test, Anna Ferrante does not appeal the district court's conclusion that the officers' conduct does not shock the conscience. Thus Anna Ferrante fails to prove a constitutional violation and cannot sustain a Fourth Amendment claim.

We therefore affirm the district court.